UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CR-20055 |
| ) | |
| HOWARD BAKER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the Government's Motion in Limine to Allow Defendant's Prior Convictions for Impeachment Purposes Pursuant to Rule 609 (#16) and the Motion in Limine (#28) filed by Defendant, Howard Baker.  In his Motion (#28), Defendant is seeking to bar the presentation of all of the evidence proposed in the Government's Notice of Intent to Introduce Evidence of "Other Acts" Admissible under Rule 404(b) (#17).  This court has carefully reviewed the arguments presented by the parties.  Following this careful and thorough review, the Government's Motion in Limine (#16) is GRANTED in part and DENIED in part and Defendant's Motion in Limine (#28) is GRANTED in part and DENIED in part.

BACKGROUND

On August 4, 2009, Defendant was charged by indictment (#6) with one count of knowingly and intentionally possessing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  According to the Government, the charge is based on allegations that, on July 24, 2009, Defendant fled from police officers and the police recovered 25.2 grams of "crack" cocaine in the flight path taken by Defendant.  When officers confronted Defendant about

the recovery of the "crack" cocaine, Defendant denied that the drugs belonged to him. Defendant has pleaded not guilty to the charge against him and is scheduled for a jury trial, with jury selection to be held on October 29, 2009, and trial to commence on November 2, 2009.

I.  404(b) EVIDENCE

On October 19, 2009, the Government filed a Notice of Intent to Introduce Evidence of "Other Acts" Admissible under Rule 404(b) (#17). The Government argued that, through his statements made following his arrest and his plea of not guilty, Defendant has denied: (1) that he knowingly possessed the "crack" cocaine; and (2) that he possessed the "crack" cocaine with the intent to deliver. The Government stated that it intends to introduce at trial: (1) Defendant's December 4, 2000, conviction of unlawful delivery of a controlled substance; (2) evidence regarding Defendant's possession of cocaine on January 29, 2008; (3) evidence regarding Defendant's delivery of cocaine during the time period of January 29, 2008; and (4) evidence regarding Defendant's distribution of cocaine on February 11, 2009, and April 8, 2009.

On October 23, 2009, Defendant filed a Motion in Limine (#28) and asked this court to bar the presentation of all of the evidence the Government has proposed to introduce under Rule 404(b) of the Federal Rules of Evidence. On October 26, 2009, Defendant filed his Response (#31) to the Government's Notice. In his Response, Defendant stated that the Government is correct that the issues of knowing possession of crack cocaine and possession with intent to distribute will be contested issues at trial. Defendant stated that the evidence he anticipates at trial will be that no witness observed Defendant deposit the crack cocaine recovered by the police and no witness saw Defendant in possession or control of the crack cocaine. Defendant further stated that, after fingerprint analysis, Defendant's fingerprints were not found on the cocaine packaging. Defendant

2

argued that the evidence the Government is seeking to introduce should not be admitted under Rule 404(b) of the Federal Rules of Evidence because any probative value this evidence may have is far outweighed by the extreme danger of unfair prejudice to Defendant.

Rule 404(b) provides that evidence of a defendant's "other bad acts" is not admissible to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question. United States v, Chavis, 429 F.3d 662, 667 (7th Cir. 2005). However, this evidence may be admissible for other purposes, in the discretion of the trial judge, such as to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See United States v. Hurn, 496 F.3d 784, 787 (7th Cir. 2007), quoting Fed. R. Evid. 404(b); see also United States v. Taylor, 522 F.3d 731, 732-33 (7th Cir. 2008). A four-part standard governs the admissibility of evidence under Rule 404(b). To be admissible:

> (1) it must be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) it must be similar enough and close enough in time to be relevant to the matter in issue; (3) it must be sufficient to support a jury finding that the defendant committed the similar act; and (4) its probative value must not be substantially outweighed by the danger of unfair prejudice.

United States v. Millbrook, 553 F.3d 1057, 1062 (7th Cir. 2009), citing United States v. Watts, 535 F.3d 650, 657-58 (7th Cir. 2008); see also United States v. Conner, ___ F.3d ___, 2009 WL 3380330, at *7 (7th Cir. Oct. 22, 2009).

In drug cases, the Seventh Circuit has often found a defendant's other drug transactions

3

relevant for purposes other than propensity, such as knowledge, intent, and lack of mistake. Conner, 2009 WL 3380330, at *7 (citing cases). The Government has argued that it should be allowed to introduce evidence regarding Defendant's prior drug activity under Rule 404(b) because the evidence is not being introduced to show propensity but instead is relevant to the contested issues of Defendant's knowledge and intent. The Government stated that the evidence will be introduced primarily to prove the elements that it is required to establish, namely Defendant's knowledge that he possessed narcotics and intent to distribute those narcotics.

### A. 2000 CONVICTION

In its Notice, the Government stated that it intended to introduce evidence that, on December 4, 2000, Defendant plead guilty to the offense of unlawful delivery of a controlled substance in the circuit court of Champaign County. Defendant was sentenced to four years in the Illinois Department of Corrections and was discharged on December 20, 2002. The Government stated that the conviction arose out of controlled buys on August 9 and 10, 2000, during which a confidential informant purchased crack cocaine from Defendant.

Defendant argued that this evidence should not be allowed at trial. Defendant contended that the facts are sufficiently different from the facts of this case so that, coupled with the age of the conviction, the admission of the conviction would be improperly prejudicial to Defendant.

This court agrees with Defendant that, because of the length of time between this conviction and the offense alleged in this case, this court cannot conclude that the evidence is "similar enough and close enough in time to be relevant to the matter in issue" to make the probative value of the evidence outweigh the danger of unfair prejudice. Accordingly, the Government will not be allowed to introduce evidence regarding Defendant's 2000 conviction under Rule 404(b) at trial. Therefore,

this portion of Defendant's Motion in Limine (#28) is GRANTED.

## B.  DEFENDANT'S PRIOR DRUG ACTIVITY

### 1.  POSSESSION

The Government next stated that it intended to introduce evidence that, on January 29, 2008, a confidential informant provided information to Sgt. Curt Apperson of the Champaign County Sheriff's Department regarding possession of cocaine by Defendant. The Government stated that the evidence would show that the confidential informant reported that he knew Defendant by the street name of "Fatman" and knew him to live on Campbell Drive in Rantoul in a yellow duplex. The confidential informant reported that he had purchased 14 grams of cocaine for $400 two days prior to January 29, 2008. The confidential informant indicated that he had been in Defendant's home that day and had observed a bag full of eight balls inside the home. Based upon the information provided by the confidential informant, a search warrant was issued for Defendant's address at 426 East Campbell Avenue in Rantoul. The search warrant was executed on January 29, 2008. As members of the Champaign County Sheriff's Office Street Crimes Unit entered the residence, Defendant was seen running from the west side of the living room towards the rear of the residence. Defendant was apprehended in the dining room of the home. Three other individuals were also apprehended inside the home. During the search of the residence, the officers located: (1) a large bag of cocaine containing approximately 113 grams on the kitchen counter, consisting of multiple small bags inside the larger bag and two large rocks of cocaine; (2) two digital scales in the kitchen, along with plastic baggies and an additional partial box of baggies near the scales; and (3) a letter addressed to Defendant at the 426 E. Campbell address.

Defendant argued that this evidence should not be allowed because the proposed evidence

is not sufficient to support a jury finding of guilt for possession of cocaine due to the fact that three other individuals were apprehended in the home along with Defendant.

## 2. DELIVERY

The Government stated that it also intended to introduce evidence regarding Samantha Webb.[1] The Government stated that the evidence would show that, during the execution of the search warrant on January 29, 2008, a vehicle driven by Samantha Webb pulled into the driveway at 426 E. Campbell in Rantoul. Webb was detained after it was discovered that she was driving with a revoked driver's license. Webb was searched pursuant to her arrest and officers located approximately 2.7 grams of cocaine on her person. Officers spoke to Webb and Webb informed the officers that she occasionally stayed at 426 E. Campbell and knew Defendant as "Fatman." Webb stated that Defendant lived at that address and his only source of income was selling illegal drugs, mainly "crack" cocaine. Webb stated that she had seen Defendant cook the powder into rock cocaine. She also stated that the cocaine found on her person was "fronted" to her by Defendant, with an agreement that she would pay him back after selling it. Webb further stated that she had purchased "crack" from Defendant on at least two other occasions where he sold her an "8" ball.

Defendant argued that this evidence should not be allowed. Defendant stated that he believed that Webb has at least one prior felony conviction involving cocaine. Defendant stated that he has insufficient evidence on which to determine Webb's credibility as a witness and therefore believed that her testimony would not meet the required standard that Rule 404(b) evidence be sufficient to support a conviction.

---

[1] This court notes that the Government did not specifically state that this evidence would be presented by way of the testimony of Samantha Webb. Samantha Webb is listed as a witness on the Government's First Amended Witness List (#27), however.

### 3. DISTRIBUTION

The Government also stated that it intended to introduce evidence regarding drug distribution incidents on February 11, 2009, and April 8, 2009. The Government stated that, on February 11, a confidential informant, who was under the surveillance of the Champaign County Street Crimes Unit, conducted a purchase of cocaine from 210 E. Hill Street in Champaign. The Government stated that the confidential informant arrived at 210 E. Hill Street and was let into the residence by Mario Staples. Staples informed the confidential informant that "Fatman" was on his way with the crack cocaine. Defendant was observed arriving at the residence. The confidential informant reported that Staples and Defendant went into another room of the house. Staples then returned to the confidential informant and provided him with a plastic baggie corner of crack cocaine, in exchange for $200. The confidential informant then met at a predetermined location with the agents and turned over 2.3 grams of a substance that field tested positive for cocaine.

The Government stated that, on April 8, 2009, the confidential informant, who was again under the surveillance of the Street Crimes Unit, made a purchase of cocaine from 210 E. Hill Street. The confidential informant arrived at the address and was let into the residence by Staples, where he observed Defendant and three other people. The confidential informant said he wanted to purchase $200 worth of crack. Staples spoke to Defendant, and the confidential informant heard Defendant tell Staples to "make it up." Staples then went upstairs and returned several minutes later with crack cocaine. The confidential informant met the officers at a predetermined location and turned over 2.7 grams of a substance that field tested positive for cocaine.

Defendant argued that this evidence should not be allowed. He pointed out that the evidence does not include any observation of Defendant being in possession of any drugs or any claim that

any sale was made by Defendant. Defendant argued that this evidence is not sufficient to support a conviction.

### 4. THIS COURT'S RULING

In a case decided by the Seventh Circuit on October 22, 2009, the defendant was charged with distributing more than five grams of cocaine base (crack cocaine) in a controlled buy on December 20, 2006. At trial, the Government presented testimonial evidence regarding the defendant's participation in a drug sale on January 10, 2007, and his prior history of drug dealing with two individuals. The district court admitted this evidence because it found that the acts were intricately related to the charged crime. The Seventh Circuit concluded that the evidence did not "complete the story" and should not have been admitted under the "intricately related" doctrine. Conner, 2009 WL 3380330, at *5-7. The court concluded, however, that the evidence was admissible under Rule 404(b). As noted previously, the court stated that it had often found a defendant's other drug transactions relevant for purposes other than propensity, including knowledge and intent. Conner, 2009 WL 3380330, at *7. The court noted that it had "frequently held that intent is always at issue in specific intent crimes even in the absence of an 'innocent bystander' defense." Conner, 2009 WL 3380330, at *8. The court stated that, furthermore, a blanket denial of wrongdoing is meant to negate all elements of the crime, thereby placing the burden on the Government to prove each element of the crime beyond a reasonable doubt. Conner, 2009 WL 3380330, at *8.

The court then found that the evidence of the defendant's previous drug transactions was properly directed at an issue other than his propensity to commit the crime. Conner, 2009 WL 3380330, at *8. The court rejected the defendant's argument that the evidence was not sufficiently

similar or close in time to qualify under Rule 404(b), finding that "[a]ll of these events took place within a few years and involved the same characters and similar activities." Conner, 2009 WL 3380330, at *9. The court also disagreed with the defendant's argument that the evidence was not sufficient to support a jury finding that the defendant committed the other acts, noting that the testimony of the witnesses was consistent and Defendant provided no evidence to contradict their testimony. Conner, 2009 WL 3380330, at *9. The court noted that the defendant did question the credibility of the witnesses, but found that "their testimony was sufficiently detailed and consistent that it could certainly support a jury finding that [the defendant] committed these acts." Conner, 2009 WL 3380330, at *9.

In this case, this court has carefully considered Defendant's arguments and the relevant factors. As far as the first factor, this court concludes that the evidence tends to prove knowledge and intent, not simply propensity. See Conner, 2009 WL 3380330, at *7; see also United States v. Jones, 248 F.3d 671, 675-76 (7th Cir. 2001) (government allowed to introduce testimony of three other individuals who had purchased drugs from the defendant in the past and testimony concerning a search warrant that had been executed years before at the defendant's address that yielded drugs, to show knowledge and intent); United States v. Curry, 79 F.3d 1489, 1495-96 (7th Cir. 1996) (in case where the defendant denied possessing a baggie containing crack cocaine which was dropped into a bush, the government was properly allowed to present three witnesses who had purchased crack cocaine from the defendant during the previous three years because this evidence "was properly admitted to demonstrate the defendant's intent to distribute crack at the time he was apprehended"). "[I]ntent to distribute drugs and knowledge that a particular substance is a narcotic often are proven through testimony about prior sales of controlled substances." Jones, 248 F.3d at

9

675.

As far as the second factor, this court concludes that the evidence the Government is seeking to introduce is sufficiently similar and close enough in time to be relevant to the issues of knowledge and intent. As for similarity, both the charged offense and the prior conduct involve Defendant's possession or distribution of cocaine and "crack" cocaine, in more than personal use amounts. See United States v. Puckett, 405 F.3d 589, 597 (7th Cir. 2005); United States v. Gibson, 170 F.3d 673, 679 (7th Cir. 1999). And it is clear that the proposed evidence, which relates to events which occurred between January 29, 2008, and April 8, 2009, is extremely close in time to the charged offense which is alleged to have occurred on July 24, 2009. As far as relevance, the Seventh Circuit has stated that "this type of evidence is often crucial to the government's case because the only way to ascertain the defendant's mental state is often to draw inferences from his prior conduct." United States v. Vargas, 552 F.3d 550, 556 (7th Cir. 2008).

Defendant has focused on the third and fourth factors and has challenged the sufficiency of the evidence proposed by the Government and has argued that the evidence would be unfairly prejudicial. Following this court's careful consideration, this court agrees with the Government that, as far as the third factor, the evidence is sufficient to support a jury finding that Defendant committed the similar acts. The Government has stated that the testimony will be provided by confidential informants or persons who have direct dealings with Defendant in the distribution or buying of drugs. The Government further stated that the information provided by the confidential informant has been sworn to in a previous court and one subject has plead guilty to charges arising out of transactions with Defendant. Based upon the Government's representations regarding the evidence, this court agrees that the evidence proposed is sufficient for the jury to find that the

conduct occurred. This court notes that "[u]ncorroborated direct testimony of an accomplice is sufficient for purposes of Rule 404(b) unless it is 'incredible on its face or otherwise insubstantial.'" United States v. Green, 258 F.3d 683, 694 (7th Cir. 2001), quoting United States v. Smith, 995 F.2d 662, 672 (7th Cir. 1993).

This court also agrees with the Government that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Where evidence is of probative value, any danger of unfair prejudice can be effectively avoided through use of a proper limiting instruction that the jury should consider the evidence only for knowledge and intent. See Conner, 2009 WL 3380330, at *9; see also United States v. Harris, 536 F.3d 798, 809-10 (7th Cir. 2008); United States v. Macedo, 406 F.3d 778, 793 (7th Cir. 2005).

In this case, the evidence the Government intends to present is probative on the issues of knowledge and intent and is related to the same time frame as the crime charged. Moreover, this court intends to provide the jury with a limiting instruction that the evidence can only be considered on the issues of knowledge and intent. See Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.04. Accordingly, this court concludes that the probative value of the evidence the Government intends to present on the issues of knowledge and intent greatly outweighs any potential unfair prejudice

Because this court has concluded that the Government has shown that the proposed evidence is admissible under Rule 404(b) based upon the Seventh Circuit's four-part test, this court concludes that the portion of Defendant's Motion in Limine (#28) which requested an order barring the Government from introducing evidence of Defendant's involvement in prior drug activity must be DENIED.

II.  IMPEACHMENT WITH PRIOR CONVICTIONS

On October 16, 2009, the Government filed a Motion in Limine to Allow Defendant's Prior Convictions for Impeachment Purposes Pursuant to Rule 609 (#16).  The Government argued that, if Defendant testified at trial, it should be allowed to impeach him with evidence of his two prior convictions.  The Government stated that Defendant was convicted of unlawful delivery of a controlled substance in Champaign County in 1999 and in 2000.  The Government also argued that it should be allowed to inquire about the details of those convictions if Defendant attempts to minimize, mis-characterize or explain away those convictions during his testimony.  Defendant has not filed a response to this motion.

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed R. Evid. 609(a)(1).  In addition, under Rule 609(b), evidence of a conviction is not admissible for impeachment if a period of more than 10 years has elapsed since the date of the conviction or of the release from confinement imposed for that conviction, whichever is the later date.  See Fed. R. Evid. 609(b); United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005).  The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect.  See Gant, 396 F.3d at 909.  The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue."  Gant, 396 F.3d at 909; quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th

Cir. 2002). If allowed, the Government can impeach the defendant with the crime charged, the date, and the disposition. United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006), citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). However, where a defendant attempts to explain away the prior conviction by giving his own version of events, he has "opened the door" to impeachment by the prosecution on the details of the prior conviction. See United States v. White, 222 F.3d 363, 370 (7th Cir. 2000).

In this case, both of Defendant's prior convictions are less than 10 years old and could be admitted for impeachment purposes under Rule 609(a). See United States v. Montgomery, 390 F.3d 1013, 1015-16 (7th Cir. 2004). Following consideration of the relevant factors, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of one of Defendant's felony convictions will be adequate for impeachment purposes. This court will allow the Government to present evidence regarding Defendant's 2000 conviction for impeachment purposes. This testimony will be limited to the crime charged, the date, and the disposition. This court will provide a limiting instruction to the jury that it should consider the evidence only in assessing Defendant's credibility. See Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.05. Any additional evidence regarding this conviction will be allowed only if Defendant opens the door with testimony claiming lack of knowledge or experience with drug offenses.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine (#28) is GRANTED in part and DENIED in part. The Government is prohibited from presenting evidence under Rule 404(b) of Defendant's 2000

conviction of unlawful delivery of a controlled substance. The Government will be allowed to present evidence under Rule 404(b) regarding Defendant's prior drug activity.

(2) The Government's Motion in Limine to Allow Defendant's Prior Convictions for Impeachment Purposes Pursuant to Rule 609 (#16) is GRANTED in part and DENIED in part. The Government will be allowed to present evidence of only one of Defendant's prior convictions, his 2000 conviction, for impeachment purposes.

(3) Defendant's Motion for Disclosure (#25) remains pending.

(4) This case remains scheduled for jury selection on October 29, 2009, at 9:00 a.m. and for a jury trial on November 2, 2009, at 9:00 a.m.

ENTERED this 28th day of October, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE